IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Sherryl Magwood Haselden,<br><br>Plaintiff,<br>vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>Defendant. | Civil Action No. 9:18-cv-2761-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed December 18, 2019, recommends the decision of the Commissioner be affirmed. ECF No. 20. On January 14, 2020, Plaintiff filed objections to the Report. ECF No. 23. On January 28, 2020, the Commissioner filed a response to Plaintiff's objections. ECF No. 24. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**<u>Standard</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB in September 2006, alleging disability as of August 1, 2001 due to Hepatitis C, headaches, seizures, and limited mental functioning. R[2]. at 101-109, 133. Plaintiff's application was denied initially and upon reconsideration, and by an ALJ after a hearing. The Appeals Council denied review, and Plaintiff filed suit in this court. Haselden v. Astrue, C.A. No. 9:10-545. The court reversed and remanded to the ALJ for further proceedings. A second hearing was held, after which the ALJ again found Plaintiff not disabled. Plaintiff then appealed directly to this court. *Haselden v. Colvin*, C.A. No. 9:12-872. The decision of the Commissioner was again reversed and remanded, and the Appeals Council then referred the case to a new ALJ for a third hearing. After that hearing, Plaintiff was again found not to be disabled. The Appeals Council rejected Plaintiff's appeal, and Plaintiff again filed suit. *Haselden v. Colvin*, C.A. No. 9:15-4717. The court again remanded based on new Fourth Circuit precedent and additional

---

[2] Citations to the Record are denoted by "R."

3

evidence submitted by Plaintiff. A fourth administrative hearing was held, and Plaintiff was again denied benefits. Plaintiff then filed the instant lawsuit. ECF No. 1.

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. Plaintiff objects to the Report, arguing the evidence of record supports her meeting Listing 12.05B or C, and the ALJ and Magistrate Judge's conclusions "do not have a sound foundation based upon the evidence of record." ECF No. 23. The Commissioner argues the Magistrate Judge correctly determined the ALJ's finding that Plaintiff did not meet a listing was supported by substantial evidence. ECF No. 24.[3]

1) *Listing 12.05B*

Plaintiff first argues the ALJ failed to consider all the evidence, and only cited evidence supportive of the position that Plaintiff's conditions do not meet Listing 12.05B or C.[4] ECF No. 23 at 5. She argues the evidence cited by the ALJ and Magistrate Judge do not support their conclusions, and that she has set forth specific facts showing she meets this Listing. *Id.* at 1-2.

---

[3] In his conclusion, the Commissioner requests the court "decline to adopt the Magistrate Judge's Report and Recommendation and instead affirm the ALJ's decision." *Id.* at 15. This appears to be a scrivener's error, as the Report recommends affirming the Commissioner and the submission argues elsewhere the court should adopt the Report.

[4] The Magistrate Judge's Report also addresses Listing 12.02, but Plaintiff does not discuss that listing in her Objections. In addition, Listing 12.05C was abolished and amended effective January 1, 2017, and replaced by an amended Listing 12.05B prior to the most recent ALJ decision.

4

The court agrees with the Magistrate Judge the ALJ's findings that Plaintiff does not meet the second or third requirement of Listing 12.05B are supported by substantial evidence. At this point in the process, the court does not make its own determination regarding whether Plaintiff meets such a Listing, but merely determines whether the ALJ's decision is supported by substantial evidence. As noted by the Magistrate Judge, the ALJ discussed Plaintiff's limitations in mental functioning, but found moderate, not marked, limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. R. at 817. As marked limitations in two areas of mental functioning are required to meet the Listing, the ALJ concluded Plaintiff did not.

Although Plaintiff attempts to explain why the ALJ's decision regarding her limitations is incorrect, citing the significant assistance she gets from family members to complete necessary daily functions, this is mostly in the form of testimony and affidavits from family members. ECF No. 23 at 1-2. The ALJ appropriately weighed this evidence and determined it was only partially credible, due to the family members' failure to address Plaintiff's long-term drug use in their statements. R. at 820. The Magistrate Judge explained the ALJ properly considered the mitigating evidence presented by Plaintiff, and it is clear this was considered when determining whether Plaintiff meets the Listing. Accordingly, this court finds the determination regarding Plaintiff's limitations in mental functioning is supported by substantial evidence, and Plaintiff's objection is overruled.

Similarly, the court finds the ALJ's conclusion the record fails to establish Plaintiff's mental limitations manifested before age 22 is supported by substantial evidence. As noted by the

5

Magistrate Judge, the ALJ considered school records, which "fail[ed] to document significant learning or mental retardation problems," the report of a consultative examiner regarding intellectual functioning, and Plaintiff's testimony in determining the "preponderance of the evidence [did] not suggest the presence of mental retardation prior to the age of 22." R. at 819. Plaintiff argues she was "socially promoted" before dropping out of high school in the Ninth Grade to work in the family business; however, the ALJ explained some of Plaintiff's grades were higher than would be expected with social promotion. The court agrees with the ALJ Plaintiff has failed to produce evidence of social promotion or mental limitations before the age of 22, and therefore substantial evidence supports the ALJ's determination Plaintiff does not meet Listing 12.05B. Accordingly, this objection is overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
March 6, 2020